**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

GAYLON WAYNE JACKSON, JR.,                                                       PLAINTIFF
ADC #146798

v.                                           4:16CV00216-JLH-JTK

SCOTT HUFFMAN, et al.                                                   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

       1.      Why the record made before the Magistrate Judge is inadequate.

       2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

       3.      The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.　Introduction

Plaintiff Gaylon Wayne Jackson filed this pro se action pursuant to 42 U.S.C. § 1983 while incarcerated as a pretrial detainee at the Faulkner County Detention Center (Jail). He claimed Defendants unlawfully reduced the portions of his peanut butter diet, in violation of his religion, and asked for compensation for his pain and suffering (Doc. No. 2).

Pending before the Court is Defendants' Motion for Summary Judgment, together with a Brief in Support and Statement of Material Facts (Doc. Nos. 13-15). By Order dated January 9, 2017, this Court directed Plaintiff to file a response to the Motion, and notified him that failure to do so would result in all the facts set forth in Defendants' summary judgment papers being deemed admitted by Plaintiff, or the dismissal of the action, without prejudice, for failure to prosecute. (Doc. No. 16) The copy of the Order sent to Plaintiff at his last-known address (the Jail) was returned to Sender on January 13, 2017 (Doc. No. 17). As of this date, Plaintiff has not responded to the Motion.

## II.　Complaint

According to his Complaint, Plaintiff asked to be placed on an all peanut butter diet because

he did not believe in eating unclean processed meats. (Doc. No. 2, p. 4) However, Defendant Randall cut in half the portions of the peanut butter which Plaintiff received, leaving him hungry every night. (Id., p. 5) Plaintiff filed grievances about the issue and Defendant Huffman responded that a dietitian regulates the portions served, but would not answer Plaintiff's questions concerning daily calorie requirements. (Id., pp. 6-7)

**III.   Summary Judgment**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion

of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

Defendants ask the Court to dismiss Plaintiff's Complaint against them, stating that they are protected from liability by qualified immunity, and that they did not violate Plaintiff's First or Eighth Amendment rights.

Having reviewed Defendants' submissions, and in light of the Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendants, the Court hereby finds that the facts set forth by Defendants are undisputed for purposes of the Motion, and recommends that summary judgment be granted as a matter of law. See FED.R.CIV.P. 56(e)(2), (3). First, Plaintiff's official capacity claims against Defendants should be dismissed, because a suit against a county official in his official capacity is the equivalent of a suit against the county itself. Liebe v. Norton, 157 F.3d 574, 578-9 (8th Cir. 1998), and Plaintiff does not allege and prove that a written county policy or pattern of widespread unconstitutional conduct was the moving force behind the unconstitutional actions. Jane Doe A v. Special School District of St. Louis County, 901 F.2d 642, 646 (8th Cir. 1990).

Next, the Court finds the Defendants are protected from liability in their individual capacities by qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than

a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.  Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1]  Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative.  Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

In support of their Motion, Defendants attach the affidavit of Defendant John Randall, who is a Major with the Faulkner County Sheriff's office. (Doc. No. 15-1) In his affidavit, Randall states that Plaintiff was incarcerated at the Jail on January 13, 2016, and filed a medical request on that same day asking to be placed on a peanut butter diet because he was allergic to turkey bologna and wanted to get closer to the Lord.  (Id., p. 1) Plaintiff was placed on a peanut butter diet, but began to complain that the portions were cut in half in March, 2016.  (Id.) All menu items are approved by a registered dietician, and when the menu was first sent to the dietitian for certification in early 2016, it contained a clerical error which listed the portion size for peanut butter as 4 oz., instead of 4 tablespoons (2 oz.) (Id., p. 2) The 4-oz. portion of peanut butter which originally was given to the inmates on special diets was equivalent to over 600 calories; yet the food it was to replace was only 220 calories.  (Id.)  After the error was discovered, Plaintiff and all others receiving peanut butter

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

diets were given 2 oz., which is approximately 300 calories by itself and 470 calories with jelly. (Id.) Although correction of the error resulted in the cutting of Plaintiff's portion, it was not due to Plaintiff's religion, and all inmates receiving peanut butter received reduced portions. (Id.)

Plaintiff stated in his Complaint that he was a pretrial detainee at the time of the incidents at issue; therefore, the Court will analyze his claims under the Fourteenth Amendment's Due Process clause. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979). "Under the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment." Owens v. Scott County Jail, 328 F.3d 1026 (8th Cir. 2003) (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)). "[I]nmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time." Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989).

Conditions which "deprive inmates of the minimal civilized measure of life's necessities," may be considered cruel and unusual, and therefore, unconstitutional. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Inmates are guaranteed a reasonably adequate diet. Campbell v. Cauthron, 623 F.2d 503, 508 (8th Cir. 1980). However, inmates have no right to be served a particular type of food, and the Eighth Amendment is violated only if the food is inadequate to maintain good health. Keenan v. Hall, 83 F.3d 1083, 1091 (9th Cir. 1996); Burgin v. Nix, 899 F.2d 733, 734-5 (8th Cir. 1990). Here, Plaintiff provides no proof that he was deprived of food or that his health suffered from the diet he received. In addition, he provides no proof that Defendants were deliberately indifferent to a serious risk of harm. The Court finds that no reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right and therefore, Defendants are entitled to qualified immunity.

Defendants also are entitled to qualified immunity with respect to Plaintiff's First Amendment claim. In order to support a religious discrimination claim, Plaintiff must establish that Defendants' actions substantially burdened his sincerely-held religious beliefs. <u>Weir v. Nix</u>, 114 F.3d 817, 820 (8th Cir. 1997). In his Complaint, Plaintiff stated that he asked to switch to peanut butter because he did not believe in eating processed meats and wanted to feel closer to the Lord. Plaintiff does not allege, and Defendants establish otherwise, that Defendants failed to abide by his request. There is no dispute that Defendants provided Plaintiff with peanut butter, and there is no evidence to support Plaintiff's claims that his portions were cut based on his religious beliefs. In addition, Plaintiff does not allege that Defendants violated his right to practice his religion in any other respects. Therefore, again, the Court finds that no reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established the violation of a constitutional or statutory right.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 13) be GRANTED, and Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 1st day of February, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE